

**MICHAEL A. CARDOZO**
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

TOBIAS E. ZIMMERMAN
phone: (212) 356-2661
fax: (212) 788-9776
tzimmerm@law.nyc.gov

January 31, 2013

**BY ECF FILING in 12-CV-3348 and 12-CV-6416**
Honorable Nina Gershon
United States District Judge

Honorable Brian M. Cogan
United States District Judge

Honorable Joan M. Azrack
United States Magistrate Judge

United States District Court for
  the Eastern District of New York
225 Cadman Place
Brooklyn, New York 11201


> Re:  *Shawn Gilliam Sr., et al. v. City of New York, et al.*, 12-CV-3348 (NG) (JMA) *and*
>      *Shawn Gilliam Sr. v. City of New York, et al.*, 12-CV-6416 (BMC);
>      Consent Motion to Consolidate Cases For Limited Purposes

Your Honors:

      I am a Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York assigned to the defense of the City in the above entitled civil rights cases. I write pursuant to Local Civil Rule 1.6 to notify the Court of related cases, and request that those cases be consolidated for the limited purposes of discovery and settlement negotiations. The undersigned conferred with plaintiffs' counsel, Michael O. Hueston, Esq., by telephone on January 30, 2013, and he consents to the requested consolidation for limited purposes.

      Each of these suits is brought on behalf of a common plaintiff, Shawn Gilliam, Sr., and each asserts claims under 42 U.S.C. § 1983 for incidents involving law enforcement action. Although the cases concern separate incidents, and name different individual defendants, the commonality of the plaintiff, the City Defendant, counsel, and the legal issues suggests that consolidation should promote the most efficient resolution of these cases.

Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact." That standard "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 MOORE'S FED. PRAC. § 42.10[1][a], at 42-9 (3d ed. 1998). District courts have broad discretion to consolidate actions that satisfy this expansive standard if, under the circumstances, such consolidation will serve the interests of justice. See, e.g., *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1505, 1513 (D. Colo. 1989). Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including § 1983 actions. See, e.g., *Hayes v. Coughlin*, 87-7401(CES)/89-5498(CES), 1991 U.S. Dist. LEXIS 10521, at *6 (S.D.N.Y. July 30, 1991). Consolidation is appropriate in this instance.

These cases are currently at similar procedural stages. In each case, the City is conducting its pre-Answer investigation (including the representational interviews of individual defendants required by N.Y. Gen. Mun. L. § 50-k). These investigations will allow the City to respond to the Complaints and to preliminarily assess and evaluate Mr. Gilliam, Sr.'s claims for settlement purposes. Magistrate Judge Azrack has scheduled an early settlement conference in the first-filed action, 12-CV-3348, for March 28, 2013. The City believes that it will be able to participate in meaningful settlement discussions on both actions by that date and would prefer, if appropriate, to attempt to reach a global settlement that resolves all of Mr. Gilliam, Sr.'s claims against the City at once.[1]

I thank Your Honors for your time and consideration on these matters.

Respectfully Submitted,

Tobias E. Zimmerman
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Michael O. Hueston, Esq. (by **ECF**)
      *Attorney for Plaintiffs*

---

[1] The later-filed action, 12-CV-6416, originally assigned to the Hon. Sandra L. Townes, U.S.D.J., and Magistrate Judge Azrack, was reassigned to Judge Cogan on January 8, 2013, by order of the Chief Judge to consolidate it with the action *S.G. by Shawn Gilliam, Sr. v. City of New York, et al.*, 12-CV-4310 (BMC), a case brought by Mr. Gilliam, Sr. on behalf of his minor son (who is not a party in either of the actions to which this letter is addressed). That action and the related action of *S.G. v. City of New York, et al.*, 12-CV-0946 (ENV) (CLP), were recently resolved by settlement. A separate action, *Shawn Gilliam, Jr. v. City of New York*, 12-CV-0999 (JG) (RLM) was also previously pending on behalf of Mr. Gilliam, Sr.'s (now) adult son, Shawn Gilliam, Jr., who is co-plaintiff herein in case number 12-CV-3348. That action, 12-CV-0999, was resolved by settlement last year, leaving only the two actions addressed by this letter as currently pending. Mr. Hueston was counsel for the plaintiffs in all five cases.